UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ X

David Wasserman                                                                      **Docket No.**
                              Plaintiff


  **-against-**                                                                                             **COMPLAINT AND**
                                                                        **DEMAND FOR JURY**
Collecto, Inc. d/b/a EOS CCA                                                       **TRIAL**

                                                                        **TRIAL BY JURY**
                                Defendant                                                  **DEMANDED**
_____X


## I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant debt collector has engaged in deceptive and harassing conduct in an attempt to collect an allegedly delinquent tuition bill from over a decade ago. Defendant's actions include reporting false and obsolete credit information to national credit reporting agencies; attempting to collect an illegal collection fee of over 42% of the principal; failing to properly investigate the Plaintiff's disputes; and falsely indicating to the Plaintiff that the time-barred debt might be subject to legal action.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C 1681 et seq. (hereinafter "FCRA"); and the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

Page 1

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1681 (p); 15 U.S.C Section 1692k (d); 28 U.S.C Section 1367; and 28 U.S.C. § 1331.  Venue in this District is proper in that Plaintiff resides in this District, the Defendant transacts business in this district, and the conduct complained of occurred in this district.

## III. PARTIES

4. Plaintiff David Wasserman is an adult resident citizen of Nassau County, New York. David Wasserman is a consumer as defined by the FDCPA. David Wasserman is a consumer as defined by the FCRA.

5. Defendant Collecto, Inc d/b/a EOS CCA (hereinafter "Collecto") is a debt collector as defined by 15 USC 1692a.  The principal purpose of Collecto, Inc. is the collection of debts using the mails and telephone and Collecto, Inc. regularly attempts to collect debts alleged to be due another. Collecto, Inc.  The alleged debt is a consumer debt as defined by the Fair Debt Collection Practices Act as it is a debt alleged to be owed for school tuition.

6. Defendant Collecto, Inc. is a furnisher of information as contemplated by FCRA section 1681 s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7. The phrase "credit report" as used herein is meant to refer to "consumer report" as defined under the FCRA.

8. The phrase consumer reporting agency or "CRA" as used herein is meant to refer to a consumer reporting agency as defined by the FCRA.

## IV. FACTUAL BACKGROUND

9. Plaintiff went to college at New York Institute of Technology (NYIT) in the 1990's.

10. Plaintiff was finished attending NYIT by 2001.

11. At some point unknown to the Plaintiff, NYIT hired the Defendant Collecto to attempt to collect tuition that the Plaintiff allegedly still owed to NYIT.

12. Before attempting to collect the alleged debt from the Plaintiff, the Defendant had also attempted to collect allegedly overdue tuition from other former students of NYIT.

13. As of July 2012, the Defendant was aware that the debts that it was attempting to collect on behalf of NYIT included collection fees that were not agreed to by consumers, nor authorized by any law.

14. As of July 2012, the Defendant was aware that the debts they were attempting to collect on behalf of NYIT included a collection fee of over 42% of the principal.

15. As of July 2012, the Defendant was aware that debts they were collecting for NYIT were delinquent for more than 8 years.

16. Within one year of the filing of this complaint, the Defendant began attempting to collect $5,627.14 for tuition allegedly overdue to NYIT.

17. The $5,627.14 debt that the Defendant attempted to collect from the Plaintiff included a collection fee that was not agreed to by Plaintiff, nor authorized by any law.

18. The $5,627.14 debt that the Defendant attempted to collect from the Plaintiff included a collection fee of over 42% of the principal.

19. In October 2012, the Defendant began reporting to the credit reporting agencies Trans Union, and Experian (the CRA's), that the Plaintiff owed the $5,627 to NYIT.

20. At the time that the Defendant first reported the alleged debt to the CRA's the Defendant was aware that the debts they were attempting to collect on behalf of NYIT included a collection fee of over 42% of the principal.

21. At the time that the Defendant first reported the alleged debt to the CRA's the Defendant was aware that debts that they were attempting to collect for NYIT had been delinquent for more than eight years.

22. The Plaintiff disputed the alleged debt.

23. In response to the Plaintiff's dispute, on or about October 25, 2012, the Defendant forwarded to the Plaintiff documents indicating that the Plaintiff owed $5,627 in tuition to NYIT from the years 1999 through 2001. **(Exhibit A)**

24**. Exhibit A** indicates shows that the principal amount of the alleged debt was $3,939.00 and that $1,688.14 had been added as a collection fee.

25. Plaintiff never agreed to pay 43% of the Principal as "Fees/Coll Costs."

26. Neither Defendant nor NY Tech has any legal right to charge the Plaintiff over 42% of the principal as a collection cost.

27. The collection costs demanded by defendant were not incurred by NY Tech nor by Defendant and were unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by NY Tech or Defendant for any goods or services supplied by NY Tech and/or Defendant for any work performed by or on behalf of NY Tech and/or Defendant.

28. Upon information and belief, the additional $1,688.14 was arbitrarily created in an

attempt to collect unearned fees, which neither NY Tech nor Defendant had incurred, and to simultaneously intimidate and scare Plaintiff into paying the so-called "Principal" out of fear that he would otherwise be liable for additional "Fees/Coll Costs."  Defendant knew or should have knew that collection fees of $1,688.14 were not incurred by NY Tech nor by Defendant and were unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by NY Tech or Defendant for any goods or services supplied by NY Tech and/or Defendant for any work performed by or on behalf of NY Tech and/or Defendant

29. On or about October 26, 2012, the Defendant forwarded to the Plaintiff the letter attached as **Exhibit B** hereto.

30. **Exhibit B** indicates that the alleged debt was in the Defendant's "Pre-legal" department.

31. Defendant never intended to sue the Plaintiff.

32. NYIT is not legally able to sue the Plaintiff as the alleged debt is over a decade old and well past any applicable statute of limitation.

33. At the time that the Defendant sent **Exhibit B** Defendant knew that the debt was more than 10 years old.

34. For the purposes of determining whether a debt collection letter is false or deceptive under the FDCPA, the letter is to be read from the perspective of the "least sophisticated consumer."

35. Exhibit B falsely indicates to the hypothetical least sophisticated consumer that the alleged debt may be subject to legal action.

36. Plaintiff disputed the erroneous and obsolete credit information that Defendant was reporting to the credit reporting agencies called Experian, and Trans Union. (the CRA's)  Plaintiff forwarded such disputes to Experian and Trans Union, each of who forwarded Plaintiff's dispute to Defendant, Collecto.

37. In December 2012, in response to the Plaintiff's dispute Defendant Collecto "verified" to Experian that the erroneous credit information was correct, resulting in Experian keeping the erroneous and obsolete information on Plaintiff's credit report.

38. In December 2012, in response to the Plaintiff's dispute Defendant Collecto "verified" to Trans Union that the erroneous credit information was correct, resulting in Trans Union keeping the erroneous and obsolete information on Plaintiff's credit report. Despite knowing that the Plaintiff disputed the alleged debt, Defendant did not report to Trans Union that the Plaintiff disputed the erroneous and obsolete credit information Defendant was reporting.

39. At the time that the Defendant verified this information to the CRA's the Defendant knew that the debt included the illegal 42% collection fee, and Defendant knew that the debt was past the time they were permitted to report the debt to the CRA's.

40. Following the Defendant's failure to properly investigate and correct the erroneous and obsolete credit information in response to the requests from the CRA's, the Plaintiff was denied credit at the best possible terms substantially due to the Defendant's illegal reporting.

41. Creditors and potential creditors viewed the Plaintiff's credit reports which contained the illegal and obsolete credit information.

## V. CAUSES OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

43. Defendant's actions as described herein violate several provisions of the FDCPA, including 15 USC 1692e; 15 USC 1692e(2)a; 15 USC 1692e(2)b; 15 USC 1692e(5); 15 USC 1692e(8); 15 USC 1692e(10); 15 USC 1692f; 15 USC 1692f(1); and 15 USC 1692g.

## VI. CAUSES OF ACTION UNDER THE FAIR CREDIT REPORTING ACT

44. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

45. Defendant Collecto furnishes credit information to the national credit reporting agencies and thus have duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

46. Upon receipt of Plaintiff's disputes to Trans Union, and Experian, Defendant Collecto, was under a duty to perform a reasonable investigation with respect to the disputed information pursuant to 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. Defendant Collecto failed to perform a reasonable investigation of the Plaintiff's dispute and "verified" to Trans Union, and Experian that the erroneous credit information should continue to appear in the Plaintiffs' credit file. Defendant Collecto's actions as alleged herein constitute a negligent and/or willful violation of the Fair Credit Reporting Act.

## VII. DAMAGES.

47. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered, amongst other damages, financial loss, denials of credit on best terms, loss of credit, worry, embarrassment, and pre-litigation costs. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary. Further, Defendant's acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiffs' rights and well being.

48. As a result of Defendants' willful violations of 15 U.S.C. § 1681 et seq. their malicious

defamations of the Plaintiffs' good name the Plaintiff is entitled to punitive damages from Defendants.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, for the following relief, together with interests, costs, and disbursements of this action:

       (A) Statutory damages as provided by the FDCPA and the FCRA;

       (B) Actual damages provided under the FDCPA and the FCRA;

       (C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

       (D) Punitive damages provided by the FCRA

     (E) Any other relief this Court deems appropriate and just.

Respectfully submitted,

JOSEPH MAURO (8295)
THE LAW OFFICE OF JOPSEPH MAURO, LLC
306 McCall Ave.
West Islip, NY 11795
Telephone: 631-669-0921
Facsimile:   631-669-5071

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demands trial by jury in this action.

S//_Joseph Mauro_____
Joseph Mauro, Esq. (8295)
Attorney for Plaintiffs

# EXHIBIT A

```
EOS CCA
700 LONGWATER DRIVE, 2ND FLOOR                    OFFICE HOURS
NORWELL, MA 02061                         MONDAY - FRIDAY: 8AM TO 5PM EST
PHONE:  (800)455-8026 (781)681-4300
FAX:    (781)681-4340
```

10/25/12

David Wasserman
2121 DONNA DR
MERRICK NY 11566


RE:
Original Creditor:       NEW YORK INSTITUTE OF TECHNOLOGY
Creditor Account #:      0093518
EOS CCA Account #:       11-52748842


Enclosed is validation of your debt as requested.  Please contact our Collection Department at 877-354-4889 upon receipt of this letter so that we may resolve this matter as soon as possible.


Thank you,

EMM
Processing Services Representative



This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.



Licensed by City of New York Department of Consumer Affairs - License #0960830. You may contact our office at the toll free number above during the hours noted and speak to Melissa Peralta or any available representative.




ccapltr864

NYIT Conv

Page 1 of 3



New Search   Links   Main Menu   Log Out

Legacy Readout

| SSN | | Last Name | | First Name | | Major | | Major OPT | |
|---|---|---|---|---|---|---|---|---|---|
| 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 | | WASSERMAN | | DAVID | | MB | | 4 | |
| Post Date | REF # | Amount | Type | Code | Description | Term | CTR | TRA Date |
| 08/21/97 | AG000 | $50.00 | DE | AG | GRADUATE APPLIC | 12/97 | 5 | 08/21/97 |
| 08/21/97 | CH000 | $2,340.00 | DE | TU | TUITION CHARGE | 12/97 | 5 | 08/21/97 |
| 08/15/98 | 08375 | $2,390.00 | PA | TP | TUITION PAYMENT | 12/97 | 5 | 08/15/98 |

Term Balance: $0.00

| 02/12/98 | CH001 | $1,170.00 | DE | TU | TUITION CHARGE | 05/98 | 5 | 02/12/98 |
|---|---|---|---|---|---|---|---|---|
| 02/18/98 | CH002 | $1,170.00 | DE | TU | TUITION CHARGE | 05/98 | 5 | 02/18/98 |
| 04/14/98 | CR000 | $1,170.00 | CR | TC | TUITION CREDIT | 05/98 | 5 | 04/14/98 |
| 08/15/98 | A8375 | $1,170.00 | PA | TP | TUITION PAYMENT | 05/98 | 5 | 08/15/98 |

Term Balance: $0.00

| 05/25/99 | CH003 | $1,239.00 | DE | TU | TUITION CHARGE | 08/99 | 5 | 05/25/99 |

Term Balance: $1,239.00

** Balance: $1,239.00

Messages

PLACED W/ M&M FOR INFO 914-654-3000 OR 7695                       04/26/01

https://apps.nyit.edu/legacy/prod/legacy/nyit/bursar_info_active.php                       10/19/2012



**NYIT**
NEW YORK INSTITUTE OF TECHNOLOGY

Office of the Bursar
Tel 516.686.7510
Fax 516.686.7833

P.O. Box 392
Old Westbury, NY
11568-0392

nyit.edu

# Statement of Account

Account Number: 0093518
Name: David Wasserman
3826 Mill Road
Seaford, NY 11783

Statement Date: 10/19/12

Page: 20f 3

| Reference Date | Number | Code | Description | Charges | Credits |
|---|---|---|---|---|---|
| 09/02/99 | 000012641 | | Registration - 1999RF | 2,700.00 | |
| 12/13/99 | 000041786 | | Bal Prior to Fall 99 | 1,239.00 | |
| 03/27/01 | 000174734 | | Agency Placement | | 3,939.00 |

Statement Balance: 0.00

| Current | 30-60 Days | 60-90 Days | Over 90 Days |
|---|---|---|---|
| | | | |



**NYIT**
NEW YORK INSTITUTE OF TECHNOLOGY

■ Office of the Bursar

Tel 516.686.7510
Fax 516.686.7833

P.O. Box 392
Old Westbury, NY
11568-0392

nyit.edu

# Statement of Account

Account Number: 0093518
Name: David Wasserman
3826 Mill Road
Seaford, NY 11783

Statement Date: 10/19/12

Page: B003

| Reference Date | Number | Code | Description | Charges | Credits |
|---|---|---|---|---|---|
| 03/27/01 | 000174736 | | Agency Placement | 5,252.00 | |
| 04/03/01 | 000176011 | | Correction to Collection Fees | | 525.20 |
| 02/21/12 | 001746665 | | Collection Fee | 1,838.20 | |
| 10/19/12 | 001838909 | | Collection Fee | | 937.86 |

Statement Balance: 5,627.14

| Current | 30-60 Days | 60-90 Days | Over 90 Days |
|---|---|---|---|
| | | | |

# EXHIBIT B

EOS CCA
700 LONGWATER DRIVE
P.O. BOX 5055
NORWELL, MA 02061

10/26/12

RE:   NEW YORK INSTITUTE OF TECHNOLOGY
ACCT: 0093518

                        David Wasserman
                        2121 DONNA DR
                        MERRICK NY 11566


THE ABOVE ACCOUNT HAS AN OUTSTANDING DEBT IN THE AMOUNT OF $5627.14.

YOUR ACCOUNT HAS BEEN FORWARDED TO OUR PRE-LEGAL SERVICES
DEPARTMENT. PLEASE CALL TO MAKE ARRANGEMENTS.  WE DO ACCEPT
OVERNIGHT MAIL, CREDIT CARDS OR WESTERN UNION.
MAILING ADDRESS:
        EOS CCA
        700 LONGWATER DRIVE
        P.O. BOX 5055
        NORWELL, MA 02061

MAKE CHECK PAYABLE TO:NEW YORK INSTITUTE OF TECHNOLOGY

ANY FURTHER INFORMATION YOU MAY NEED, PLEASE CALL RICHARD MANNING
AT 781-681-4300 EXT. 189 OR 800-886-9177 EXT. 14189.
HOURS: MONDAY-FRIDAY     8:30AM - 5:00PM EST

THANK YOU,

RICHARD E. MANNING
MANAGER LEGAL SERVICES


THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT
TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.


750